# W. A. WATHEN ET AL *v.* J. C. PHILIPS.

**Costs, Against Defendant in Bill of Discovery.**
   Where a petition, in which several defendants are joined, merely calls on one of them to assert his claim to the property, if any, even though no answer be made, costs cannot be adjudged against him.

**Fraudulent Conveyance—Purchase of Property by Son for Use of Parent.**
   Property purchased by a son, for the use of his parent, cannot be subjected to the debts of the father.

APPEAL FROM MARION CIRCUIT COURT.

October 26, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

The appellee Philips had an execution issued upon a judgment in his favor against the appellant William A. Wathen for the sum of $818, with its interest, and placed in the hands of the sheriff of Marion county, and by him returned *"no property found"* and thereupon the appellee filed this petition in equity seeking to subject to the payment of this debt, a house and lot in the town of Lebanon, at the time in the possession of Wathen, and alleged in the petition to belong to him. The petition states that the appellant W. A. Wathen, for the purpose of cheating and defrauding his creditors, had procured his step-son S. P. Marion, to borrow of Thomas Liles executor's a considerable sum of money for the benefit of him, Wathen, and for the purpose of buying this house and lot, and that although the deed was made to Marion, it was in fact the old man's property bought with his money, and that Marion held the title for him, until by some arrangement between them, Marion conveyed the property to Robert Wathen a son of William A. Wathen, C. P. Marion, Robert Wathen and Thomas Liles Admr., were all made defendants to the action and called upon to assert their claims upon the property, if any they have. Liles Admr. answers and says that the executors of Lisle have resigned and that he is the administrator with the will annexed of Thomas Lisle deceased, and as such, holds a note on Robert Wathen and C. B. Marion for $2,954.88, that this note was originally executed to the executors and by them handed over to him as administrator *de bonis non*. C. P. Marion files his answer disclaiming any interest in the property, and alleging that the wife of Wm. A. Wathen is his mother, that her husband had become insolvent and in order to provide a home for his mother he in good faith, and not at the instance of his step-father purchased the property; that the money borrowed by him of Lisle's executors was $3000 for which he executed his note; that after he purchased the property he let Robert Wathen have it, upon his agreeing to pay off to Lisle's executors the amount of the note for the borrowed money; that Robert Wathen then executed his note for the money to Lisle's executors and he, Marion, became his surety thereon and the note is yet unpaid.

Robert Wathen files his answer in which he claims to own the property, and makes the same statements in regard to it, and the manner of acquiring the title, as is set forth in the answer of his co-defendant, Marion. Upon the hearing of the case the chancellor subjected the property to the payment of the appel-lee's debt. The depositions taken in the case conduce strongly to show that in the years 1861 and 1862 about the time that Miller the partner of William Wathen left the State, and went South, that Wathen was left in the possession of considerable means both in money and property; that he shortly after made an assignment of his effects for the benefit of his creditors and that they realized a very inconsiderable sum out of the proceeds of the property assigned. What he did with the money, is involved in mystery, so far as this record shows. There is no proof that any portion of it was ever applied to the purchase of the property in controversy. The petition alleges that the money to pay for this property was borrowed of Lisle's executors. Both parties agree upon this fact. Lisle's administrator exhibits a note on Robert Wathen and Marion for near three thousand dollars. This note was handed him by Lisle's executors upon their resignation as such. There has been only about $1200 paid on this note, and from the testimony in the case it was executed for the very money that purchased this property. The court erred in excluding the deposition of C. P. Marion in the case. He had no interest whatever in the controversy between these parties; no claim was asserted by him upon the house and lot, and no judgment is asked against him in the plaintiff's petition. If he had failed to answer the petition it would have been error to have made him liable for costs, as to claim was asserted against him, but on the contrary he was called on to set forth the claim he had upon the property, and he responded by saying that he had none. We perceive no reason for excluding his testimony. He swears that himself and James Wathen borrowed the money originally from Lisle's executors, that is, $2500; that he himself borrowed upwards of $3000; that one thousand dollars of the money he paid down and for the balance he executed his notes, and as they fell due they were paid by Robert Wathen out of the borrowed money from Lisle's executors, and that the note now held by Lisle's administrator against him and Robert Wathen is for the bor-

Opinion of the Court.

rowed money, and in this he is corroborated by the note itself, in the hands of the administrator of Lisle. The only difficulty in the case is as to the payments on this note by Robert Wathen. The payment of $954 was not made until some time in 1868, and the proof shows that Robert was an active business young man, engaged in trading and doubtless in the three years after his return from the army, had accumulated enough means to make this payment. The endeavor upon the part of the sons to secure a home for their parents ought not to be seized upon as evidence of fraud in the absence of any evidence connecting the old man with the purchase in any way. There is no proof that he ever paid one dollar for it, or that he procured the borrowing of the money as alleged in order to make the purchase, but on the contrary the greater part of the money borrowed by Marion and Robert Wathen with which to pay for this property is still due, and they individually owe for it. For the reasons herein indicated the judgment of the court below is reversed so far as it subjects the house and lot to the payment of appellee's debt and the court directed to dismiss the petition so far as it seeks to make the same liable therefor. The judgment against Marion for costs is also erroneous and is reversed with directions to dismiss the petition as to him. We perceive no error in the court striking from the record the amended petition filed in vacation. The amendment was filed after the pleadings were all made up, and could not have been filed without leave of the court. The case is affirmed on the cross appeal.

*W. J. Lisle, for appellant.*

*Russell & Avritt, for appellee.*